IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JRS PARTNERS, GP, et al.      )
                              )
    Plaintiffs,                )
                              )   NO. 3:19-cv-00469
v.                            )   JUDGE RICHARDSON
                              )
LEECH TISHMAN FUSCALDO &      )
LAMPL, LLC, and BRETT MANKEY, )
                              )
    Defendants.                )

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion to Reconsider and Clarify (Doc. No. 58), to which Defendants Brett Mankey and Leech Tishman Fuscaldo & Lampl, LLC ("Leech Tishman") have filed responses (Doc. Nos. 74 and 75, respectively). Plaintiffs ask the Court to reconsider and clarify that portion of the Court's October 2, 2020 Order and Memorandum Opinion (Doc. Nos. 40 and 39, respectively) in which the Court, among other things, dismissed Plaintiffs' legal malpractice claim against Defendant Mankey.

## BACKGROUND

The background of this case is fully set forth in the Court's prior Memorandum Opinion (Doc. No. 39). It will not be repeated here except as relevant to the specific issue before the Court, namely whether the Court's dismissal of the legal malpractice claim against Mankey was clear error and should be vacated.

In its prior ruling, the Court denied Mankey's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction and granted in part Leech Tishman's Rule 12(b)(6) motion to dismiss for

failure to state a claim. In ruling on Defendant Leech Tishman's motion to dismiss, the Court found that Plaintiffs had not sufficiently alleged an attorney-client relationship with Mankey and, therefore, had not sufficiently alleged an attorney-client relationship with Leech Tishman; accordingly, the legal malpractice claim was dismissed. (Doc. No. 39 at 27).

Leech Tishman had argued alternatively that Plaintiffs' legal malpractice claim was barred by the applicable one-year statute of limitations, and the Court addressed that argument as an alternative basis for its decision, finding that Plaintiffs' legal malpractice claims against Leech Tishman and Mankey were extinguished by the applicable statute of limitations. (*Id.* at 30-31). Leech Tishman contended in its motion that under the so-called "discovery" rule, Plaintiffs' alleged legal malpractice claim is deemed to have accrued (and thus started the running of the limitations period) as of the date Plaintiffs "kn[ew] or in the exercise of reasonable care and diligence should [have] know[n] that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." (Doc. No. 16 at 18). Leech Tishman further contended that with respect to Plaintiffs' legal malpractice claim, this date was no later than May 23, 2017, when (as alleged in the Complaint) Plaintiffs contacted the FBI Office in Nashville and met with agents there concerning the Warren/CEA fraudulent scheme.

Plaintiffs did not dispute any of this in response to Leech Tishman's motion. (*Id.* at 28). Plaintiffs did not, for example, dispute Leech Tishman's contention that Plaintiffs' allegations on their face made clear that they either knew or should have known that their injuries (of which they clearly were aware by then, according to the Complaint) were sustained as a result of tortious conduct by Leech Tishman. Nor did Plaintiffs protest that such contention was based on an inference (from the facts alleged in the Complaint)—*i.e.*, that Plaintiffs actually knew or at least *should have known* of Defendants' alleged tortious conduct by the time they met with the FBI on

May 23, 2017—that the Court should not draw against Plaintiffs at the motion-to-dismiss stage. Nor did Plaintiffs dispute that a one-year statute of limitations, or the discovery rule, was applicable. Accordingly, the Court found that "Plaintiffs do not dispute that their claims for legal malpractice against Mankey were barred by the applicable statute of limitations before this action was filed." (*Id.* at 31).

Plaintiffs instead addressed only whether such a bar applied to its claim *against Leech Tishman*, claiming that their tolling agreement with Leech Tishman prevented the statute of limitations from extinguishing their malpractice claim against Leech Tishman. In addressing this issue, Plaintiffs took issue only with Leech Tishman's reliance on *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98 (Tenn. 2010), for the crucial proposition that a claim against a principal based on its alleged vicarious liability for the conduct of its agent is barred when the claim against the agent is procedurally barred by operation of law before the plaintiff asserts a vicarious liability claim against the principal.[1] Specifically, Plaintiffs argued that this proposition from *Abshure* was inapplicable because they included their vicarious liability claim against Leech Tishman in their original complaint.[2] (Doc. No. 22 at 18-19).

As for Mankey, he did not move to dismiss the claims against him for failure to state a claim under Rule 12(b)(6). Thus, for the time being, he forwent, among other things, any statute-of-limitations argument.

Plaintiffs contend that the Court's dismissal of the legal malpractice claim against Mankey, based upon the statute of limitations, was clear error because it was relief that Mankey did not

---

[1] This proposition is crucial because, without it, Plaintiffs' malpractice claim may indeed have survived a statute-of-limitations defense, due to the tolling agreement.

[2] The Court specifically rejected Plaintiffs' contention that the proposition from *Abshure* was inapplicable for this reason. (Doc. No. 39 at 29-31).

seek, because the record did not justify a dismissal of the legal malpractice claim against Mankey, and because Mankey is now exploiting that "windfall ruling" to justify dismissal of other claims.[3] Plaintiffs do not ask the Court to vacate its ruling as to the legal malpractice claim against Leech Tishman or as to dismissal of the civil conspiracy claim against both Defendants (even though Mankey did not seek dismissal of the civil conspiracy claim, just as he did not seek dismissal of the legal malpractice claim on statute-of-limitations grounds in particular).

Mankey argues that Plaintiffs have incorrectly invoked Rule 59(e) in seeking relief, in that Rule 59(e) is inapplicable because the Court's Order (Doc. No. 40) was not a final judgment. He further argues that even if the Court had not specifically found that the legal malpractice claim against Mankey was barred by the applicable statute of limitations, the Court's holding as to Leech Tishman is now the "law of the case." Mankey contends that Plaintiffs have not challenged the ruling as it applies to Leech Tishman, and therefore, Mankey is entitled to rely upon it. Mankey argues there is no valid reason to change the Court's Order to allow Plaintiffs a "second bite at the apple."

Leech Tishman also contends that Plaintiffs should not get a "second bite at the apple," given that they did not dispute Leech Tishman's assertion of a May 23, 2017 discovery date (to start the running of the limitations period) during the motion-to-dismiss briefing. Leech Tishman further argues that Plaintiffs have not justified reconsideration, because they have shown no intervening change in the law, no new evidence, and no "clear error" or need to "prevent manifest injustice." Leech Tishman asserts that the Court was within its authority to dismiss the legal malpractice claim against Mankey based on the statute of limitations, even though he did not ask

---

[3] Plaintiffs' argument that Mankey is exploiting the "windfall ruling" to justify dismissal of other claims is now moot, given the Magistrate Judge's termination of the Second Motion to Dismiss as moot. (Doc. No. 87).

for that relief, because Plaintiffs were given an adequate opportunity to address and dispute Leech Tishman's argument that the limitations period had expired and had every incentive to fully address such argument because clearly if the malpractice claim was barred against Leech Tishman, it was barred against Mankey as well.

## STANDARD OF REVIEW

Plaintiffs incorrectly invoke Rule 59(e), which provides the standard for a motion to alter or amend a final judgment. The Court's ruling at issue is not a final judgment.

The kinds of arguments that can be raised on a motion for reconsideration are limited. *Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-cv-0325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019). A motion for reconsideration should not provide the parties with an opportunity for a proverbial second bite at the apple. *Id.* (citing *Chad Youth Enhancement Center, Inc. v. Colony Nat'l Ins. Co.*, No. 3:09-0545, 2010 WL 2253538, at *1 (M.D. Tenn. June 1, 2010)). Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *Id.* District courts reviewing motions to reconsider interlocutory rulings "at a minimum" require that there be some clear error in the court's prior decision or that the movant put forth an intervening controlling decision or newly discovered evidence not previously available. *Id.*[4]

---

[4] In general, a motion to reconsider must be based on one of the grounds available for motions to alter or amend judgment. *Hanna*, 2019 WL 7482144, at *1. The Court may grant a motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* (citing *United States v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n.*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017)). Such motions are entrusted to the Court's sound discretion. *Id.* A motion to reconsider is not an opportunity to re-argue a case and should not be used to re-litigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to change a ruling by offering the same arguments previously presented. *Id.*

## ANALYSIS

Plaintiffs first argue that the Court should reconsider and change its ruling because Mankey did not seek dismissal based on the statute of limitations. Mankey asked the Court to dismiss the claims against him based upon lack of personal jurisdiction only and thus, according to Plaintiffs, was "not entitled to any other relief." (Doc. No. 59 at 4).[5] Plaintiff acknowledges that *sua sponte* dismissal of claims can be appropriate, but only if the plaintiff receives notice of this possibility and an opportunity to be heard prior to dismissal—which Plaintiffs claim they did not receive. (*Id.* at 6).

A district court may dismiss a complaint with respect to a non-moving defendant *sua sponte* where the issues are substantially the same as those deemed to warrant dismissal and the plaintiff was given notice of the grounds for dismissal and an opportunity to be heard. *Philadelphia Indem. Ins. Co. v. Lennox Indus., Inc.,* No. 3:18-CV-00217 (CSH), 2019 WL 1258918, at *9 (D. Conn. Mar. 18, 2019) (citing cases); *see also Miles v. United States,* No. 2:15-CV-1082, 2015 WL 8539042, at *3 (S.D. Ohio Dec. 11, 2015) (for the same reasons the court granted the other defendants' motions to dismiss, it *sua sponte* dismissed the claims against the remaining defendant); *Ramos v. Chase Home Fin.,* 810 F. Supp. 2d 1125, 1132, n.6 (D. Haw. 2011) (for the

---

[5] Plaintiffs do not appear to dispute that as a procedural matter, Mankey could have sought relief under Rule 12(b)(6) or Rule 12(c) even after issuance of the Court's Order (Doc. No. 40). And as explained below, he could have done so. That being so, Mankey can hardly be criticized for not seeking relief under Rule 12(b)(6) at the same time that he sought dismissal for lack of personal jurisdiction. If the Court had granted his motion to dismiss for lack of personal jurisdiction, it would not have reached any other (non-jurisdictional) argument for dismissal. This means, among other things, that, Mankey could appropriately have waited until the Court determined whether it had jurisdiction over him before filing a Rule 12(b)(6) or Rule 12(c) motion based on the statute of limitations.

same reasons successfully asserted by one defendant to obtain dismissal, the court *sua sponte* dismissed defendants who had not entered official appearances).

Plaintiffs' argument is entirely belied by *Melton v. Blankenship,* No. 08-5346, 2009 WL 87472 (6th Cir. Jan. 13, 2009), in which the Plaintiffs sued several discrete groups of defendants, as well as two defendants not falling within such groups. As the Sixth Circuit explained in *Melton*:

> Defendant Tucker filed the motion to dismiss, and the Stanfill Defendants joined it. Plaintiffs argue that the district court erred by dismissing the claims against all of the defendants, rather than limiting its order to those defendants who moved to dismiss. Specifically, defendants assert that the district court erred by dismissing the claims against the nonmoving defendants: Blankenship, the Walker Defendants,[1] and John Does 1-5. The district court dismissed the John Doe defendants in a separate order, holding that "[t]he allegations made against the Doe defendants are the same that were made against the other defendants and which have now been dismissed. Thus, the Doe defendants would have been dismissed in that order if they had been already [ ] named." Plaintiffs do not cite any authority for the proposition that a district court errs by dismissing nonmoving defendants when it determines that the complaint has failed to state a claim.
>
> Plaintiffs have alleged the same RICO claims against all of the parties. Logically, if they have failed to state a RICO claim regarding the moving parties, they have also failed to state a claim against the nonmoving parties. It is true that a "district court should proceed with great caution when dismissing a claim *sua sponte.*" However, the district court did not *sua sponte* dismiss plaintiffs' *claim;* it *sua sponte* dismissed the nonmoving parties who were in the same factual and procedural posture as the moving parties. Plaintiffs had the opportunity to argue the sufficiency of their claim against the defendants; the failure of Blankenship and the Walker Defendants to file their own motion to dismiss does not cure the defects in plaintiffs' complaint that prevented it from surviving a motion to dismiss. Thus, we affirm the district court's judgment regarding the nonmoving defendants.

*Id.* at *4 (citation omitted).

*Melton* is on point here. Plaintiffs alleged the same legal malpractice claim against Mankey and Leech Tishman, the claim against Leech Tishman being derivative of the claim against Mankey. Logically, if Plaintiffs have failed to state a legal malpractice claim as to movant Leech Tishman (because acceptance of Plaintiffs' allegations entails that Leech Tishman has a valid statute-of-limitations defense), then Plaintiffs likewise have failed to state a legal malpractice

claim against non-movant Mankey for the same reason. As in *Melton*, this Court did not *sua sponte* dismiss Plaintiffs' legal malpractice claim; it dismissed Plaintiffs' legal malpractice claim against Leech Tishman upon motion of Leech Tishman and then *sua sponte* dismissed the same claim, for the same reasons, against Mankey because he was in the same procedural posture as the movant (Leech Tishman). Plaintiffs had the opportunity to argue the sufficiency and timeliness of their claim against Defendants in responding to Leech Tishman's motion, and the failure of Mankey to file his own motion to dismiss "does not cure the defects in plaintiffs' complaint that prevented it from surviving a motion to dismiss" as to the legal malpractice claim. *Id.*

*Melton* is not the only case in the Sixth Circuit to this effect. For example, in *Keene v. Rossi*, No. 15-10977, 2016 WL 552724, at *1, n.1 (E.D. Mich. Feb. 12, 2016), the court found that while one defendant did not separately move for dismissal of the claims against him, many of the arguments advanced in his co-defendants' motions to dismiss applied equally to him and warranted dismissal of plaintiff's claims against him as well. Moreover, in *Saint Torrance v. Equifax, Inc.*, No. 1:07-cv-054, 2008 WL 11453686, at *2 (S.D. Ohio May 30, 2008), the court adopted the magistrate judge's recommendation to dismiss a complaint against one defendant and, *sua sponte*, dismiss the other three defendants on the same basis as well.

There is authority not only for the court to *sua sponte* recognize a valid defense of a moving co-defendant to a non-moving defendant, but also to *sua sponte* apply a statute-of-limitations defense. This Court has held that "although a statute of limitations defense is an affirmative defense that ordinarily must be raised by a defendant, the defense may nonetheless be raised *sua sponte* by the Court in circumstances when it clearly applies and when the plaintiff is put on notice that the

timeliness of his or her claims is at issue."[6] *Annette v. Haslam*, No. 3:18-cv-1299, 2020 WL 2520512, at *2 (M.D. Tenn. May 18, 2020). That being so, the Court certainly can raise the defense *sua sponte* as to Mankey once it was raised by Mankey's co-defendant, Leech Tishman. Plaintiffs were put on notice that the timeliness of their Complaint was at issue because Leech Tishman moved to dismiss the legal malpractice claim against it based on the applicable statute of limitations. Plaintiffs had the opportunity to respond to the statute-of-limitations argument as set forth in Leech Tishman's motion. Leech Tishman's alleged culpability in this action for legal malpractice was based upon the alleged misconduct of Defendant Mankey. (*See* Doc. No. 1, Count IV). Thus, if the limitations period for legal malpractice had run against Leech Tishman, it had run against Mankey, and vice versa, just as the Court found. Plaintiffs have offered no good reason why, in the face of Leech Tishman's motion to dismiss, they did not contest the accrual date of the legal malpractice claim (*i.e.*, the date the limitations period began running on that claim) or the applicability of the statute of limitations invoked by Leech Tishman.[7]

---

[6] Similarly, in the summary judgment context, "the Supreme Court has held that 'district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party *was on notice that she had to come forward with all of her evidence*.'" *Emp'rs. Ins. of Wausau v. Petroleum Specialties, Inc.,* 69 F.3d 98, 105 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986)); *see also Kostic v. United Parcel Serv., Inc.,* No. 3:18-cv-00556, 2021 WL 1213409, at *6 (M.D. Tenn. Mar. 31, 2021).

[7] Beyond relying on a tolling agreement with Leech Tishman, and attempting to discredit Leech Tishman's reliance upon *Abshure v. Methodist Healthcare-Memphis Hosps.,* 325 S.W.3d 98 (Tenn. 2010), to argue that the tolling agreement did not save Plaintiff's claim against Leech Tishman, Plaintiffs chose not to address Leech Tishman's arguments bearing on whether the limitations period had expired. (Doc. No. 22 at 19). That included Leech Tishman's argument that "Plaintiffs without question discovered its (sic) alleged legal malpractice claim no later than May 23, 2017." (Doc. No. 16 at 20 (citing Complaint at ¶¶ 69-71)).

     Despite having declined to address any of this argument themselves, Plaintiffs criticize the Court for not doing so. For example, Plaintiffs criticize the Court for accepting without further analysis Leech Tishman's colorable inference that Plaintiffs became aware of their legal malpractice claim no later than May 23, 2017, when (according to Plaintiffs' own allegations) Plaintiffs contacted the FBI Office in Nashville and met with agents there about Warren/CEA

Plaintiffs' arguments to the contrary do not persuade the Court otherwise, as Plaintiffs rely on a series of inapplicable cases. Plaintiffs cite *In re Brown*, 342 F. 3d 620, 633-34 (6th Cir. 2003) in support of their position, but *Brown* is inapplicable. In *Brown*, the Sixth Circuit held that the district court could not *sua sponte* order dissolution of a limited partnership (under facts substantively different from those herein) because *a Michigan statute* specifically stated that only a partner could seek dissolution of a limited partnership; manifestly, *Brown* teaches nothing about whether a district court may, as a matter of federal civil procedure, *sua sponte* dismiss a claim against a non-moving defendant based on the same reasons it dismissed the same claim against a moving defendant. Moreover, *Greenlaw v. United States*, 554 U.S. 237, 242 (2008), cited by Plaintiffs, was a *criminal* case, and the court found that a court of appeals could not, on its own initiative, increase a defendant's sentence absent a cross-appeal from the government requesting that relief; it likewise teaches nothing about the issues of federal civil procedure involved here. In *Hamby v. Menke,* No. 3:98-1023, 2001 U.S. Dist. LEXIS 25358, **2-3 (M.D. Tenn. Apr. 27, 2001), also cited by Plaintiffs, under facts (involving the constitutionality of state regulations) very different from those involved herein, the court amended its order granting injunctive relief to

---

fraudulent scheme. As the Court indicated in its Order, (Doc. No. 39 at 28) it accepted this assertion because *Plaintiffs did not contest it* despite having every opportunity and incentive to do so. Had Plaintiffs done so, the Court can say with near certainty, it would have declined to draw, from Plaintiffs' allegation that they met with agents on May 23, 2017, the inference that Plaintiffs by then were aware of their legal malpractice claim by that date; at the motion-to-dismiss stage, if requested to do so, the Court would have drawn inferences in favor Plaintiffs rather than Leech Tishman. But instead Plaintiffs said nothing about this—thus suggesting that they accepted Leech Tishman's inference as true—and certainly did not ask the Court to reject Leech Tishman's inference. Only now do Plaintiffs raise the issue, while at the same time criticizing the Court for not previously raising the issue itself.

    Plaintiffs' stated reason for not addressing the statute-of-limitations argument more thoroughly—*i.e.*, "Plaintiffs' view" that argument was irrelevant (Doc. No. 59, n.3) —does not change the fact that Plaintiffs had every opportunity and incentive to challenge any and all aspects of the proffered limitations defense.

reflect that the defendants were enjoined from enforcing regulations as to applications of the plaintiffs only; the Court simply cannot see how this case teaches anything about the authority of a district court to *sua sponte* dismiss a claim against a non-moving defendant under the circumstances present here.

Plaintiffs also cite to a dissenting opinion in *Quality Assocs. Inc. v. PG Distrib. LLC,* where Circuit Judge Griffin stated: "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research. . . . So, quite prudently, we have an oft-repeated rule: we only address issues that are properly before us and avoid adjudicating ones that were neither presented to the district court nor to us on appeal." *Quality Assocs.,* 959 F.3d 283, 290 (6th Cir. 2020). Not only are these statements non-binding, as part of a dissenting opinion, but also they are expressly directed to *appellate* courts and relate to issues that were not properly before the court. Here, the statute-of-limitations issue *was* properly before this non-appellate Court, through the motion of Leech Tishman.[8] And, under the authorities cited by the Court above, the issue was properly extended to the non-moving party.

Moreover, as suggested above, Plaintiffs had the opportunity to present whatever legal arguments they had on the statute-of-limitations issue. This case is different from *Laporte v. City of Nashville*, No. 3:18-cv-00282, 2019 WL 845413, at *8 (M.D. Tenn. Feb. 21, 2019), in which the Court declined to dismiss a count *sua sponte* because the plaintiff had no notice or opportunity to be heard. The timeliness argument of Leech Tishman applied to the timeliness of Plaintiffs' legal malpractice claim against Mankey as well. In fact, Plaintiffs acknowledged (in response to Leech Tishman's motion to dismiss) that Leech Tishman's argument was that the legal malpractice

---

[8] Therefore, contrary to Plaintiffs' contention, here the statute-of-limitations argument was not an "unbriefed issue" and the parties were not deprived of the opportunity to present their arguments.

claim should be dismissed "because it is premised on a vicarious liability theory and the statute of limitations has allegedly run *as to Mankey*." (Doc. No. 22 at 17 (emphasis added)).

Mankey did not raise a statute-of-limitations argument in his motion to dismiss, which as noted above, was brought only under Rule 12(b)(2) based on alleged lack of personal jurisdiction and not under Rule 12(b)(6) based on alleged failure to state a claim. So suppose that the Court had not dismissed the legal malpractice claim against Mankey. Even if (as seems unlikely)[9] it would have been too late to file a motion under Rule 12(b)(6), Mankey still had available to him the option to assert (in a motion for judgment on the pleadings under Rule 12(c) or at trial),[10] on statute-of-limitations grounds, the failure to state a valid legal malpractice claim against him. The Court was not required to waste everyone's time and resources, by waiting for Mankey, after being denied dismissal based on jurisdiction, to file (as almost certainly he would have) his motion (asserting failure to state a claim) to dismiss based on the statute of limitations, which the Court would necessarily grant based on how it decided the issue on Leech Tishman's motion. *See Hancock v. Miller,* No. 2:19-cv-0060, 2020 WL 1493609, at *8, n.6 (M.D. Tenn. Mar. 27, 2020) ("Although Sneed did not file her own motion to dismiss, it is not in the interests of judicial economy to dismiss the similarly situated Wilson, but not Sneed. Accordingly, the Court will *sua sponte* dismiss Sneed from this case.") (citing *Melton*). The Court's decision to *sua sponte* dismiss the same claim, for the same reasons, against Defendant Mankey was not clear error.

Plaintiffs also contend, (Doc. No. 59 at 7), that the Court should not have reached the statute-of-limitations issue related to the legal malpractice claim as to either Defendant since the Court

---

[9] When the Court issued the Memorandum Opinion and Order (Doc. Nos. 39 and 40) as to which Plaintiff seeks reconsideration, Mankey still had not filed an answer, and so under Rules 12(b) and 12(h)(1), it appears he still would have been permitted to file a motion under Rule 12(b)(6).

[10] *See* Fed. R. Civ. P. 12(h)(2).

had already determined, (Doc. No. 39 at 27), that it would dismiss the legal malpractice claim anyway on the grounds that no attorney-client relationship existed between Mankey and Plaintiffs. It is unclear to the Court whether Plaintiffs are asserting that the Court committed error in reaching the statute-of-limitations issue. But in any event Plaintiffs have cited no authority to say that the Court cannot grant a motion to dismiss on two, alternative grounds, or that it cannot use one of those alternative grounds to *sua sponte* dismiss claims against a non-moving defendant if so doing is otherwise appropriate.

Finally, Plaintiffs contend the Court's ruling on the statute of limitations was incorrect because (according to Plaintiffs) the Complaint does not affirmatively show that the claim is time-barred.[11] The Court has already noted that Plaintiffs should have raised this argument about the Complaint in response to Leech Tishman's motion but did not do so. Had Plaintiffs disputed in any way the inference advanced (based on the allegations of the Complaint) by Leech Tishman in its motion that Plaintiffs became aware of their legal malpractice claim no later than May 23, 2017, the Court likely would have refused to draw the inference; they did not raise it and instead by their silence seemed to acquiesce in it. *See* n. 7, *supra*.

Further on this point, the Court understands full well that a Rule 12(b)(6) dismissal on statute-of-limitations grounds requires a plaintiff to "plead itself out of court" by, essentially, alleging facts that suggest that it is not plausible that the limitations period did not expire before the complaint was filed. And the undersigned has long been specifically aware that there are all

---

[11] Oddly, even though Plaintiffs now argue (too late, as the Court has found) that the allegations of the Complaint do not establish that the limitations period for the malpractice claims expired before the Complaint's filing, and that the Court's contrary ruling was incorrect, they do not ask the Court to vacate its dismissal of the malpractice claim against *Leech Tishman*, which was based on that ruling just as was the dismissal of the malpractice claim against Mankey.

kinds of bases on which a plaintiff can refute that a limitations period *actually* expired when at first glance it *appears* to have expired.[12] So the Court was fully prepared to accept *any* valid argument from Defendants to the effect that the Complaint did not conclusively show (especially given the nuances of limitations law) that the limitations period had actually expired, even if it superficially appeared to have expired upon application of the most basic limitations rules. But Plaintiffs made no such argument. They did not argue that Defendants had identified the wrong statute of limitations, or had asserted the wrong accrual date, or had failed to account for exceptions or nuances built into applicable law that prevented expiration of the limitations period consistent with the allegations in the Complaint. Instead, Plaintiffs remained silent about all of this, making no objection to the key inference (about the accrual date under the discovery rule) Leech Tishman would have this Court draw from the Complaint's allegations or to Leech Tishman's assertion that more than one year had lapsed after the accrual date before the Complaint was filed. Instead,

---

[12] The nuances of the analysis of a limitations issue, and the fact that invocation of any of a number of rules can change the ostensible outcome—*i.e.*, what otherwise would be the outcome—of the question of whether a statute of limitations bars a claim, have been explored at length by the undersigned. *See* Eli J. Richardson, *Eliminating the Limitations of Limitations Law*, 29 Ariz. St. L.J. 1015 (1997). Therein, in just one of many examples suggesting the undersigned's receptiveness to any plaintiff's argument that its complaint does not conclusively show that its claim *necessarily* is time-barred considering *the entirety* (and not just the basics) of applicable limitations law, the undersigned wrote, "Far from being certain and easy to apply, the law of limitations is a teeming mass of ambiguous, subjective rules. To analyze a limitations issue thoroughly, a practitioner must grapple with a tortuous series of these rules . . . ." *Id.* at 1016. Given the nature of limitations law, the undersigned understands that it is not easy to plead oneself into an intractable statute-of-limitations problem, but Plaintiffs failed to timely argue that they indeed had not done so. The undersigned would have been all ears for the argument Plaintiffs make, belatedly, only now.

In short, the Court was fully aware that "there is a nuanced body of Tennessee law that dictates when a legal malpractice claim accrued, and thus, when such a claim may be time barred." (Doc. No. 59 at 8). The Court would have welcomed a timely discussion of this body of law, its nuances, and the effects thereof. But Plaintiffs totally ignored all of this in responding to Leech Tishman's motion to dismiss.

Plaintiffs made in effect only a single argument (that the tolling agreement prevented the expiration of the limitations period as to Leech Tishman), one that had nothing at all to do with whether the Complaint established that the limitations period had expired as to *Mankey* (and thus would also have expired as to Leech Tishman but for the tolling agreement). Only now do Plaintiffs belatedly make an argument on the latter issue. The Court is tempted to refer to this as sandbagging, except that there is no indication that Plaintiffs intentionally withheld this argument for later use. [13]

Ultimately, the effect of Plaintiffs' failure to timely raise this argument when responding to Leech Tishman's motion to dismiss is cogently reflected in these remarks from another district court in the similar (though, as noted above, distinct) context of a Rule 59(e) motion to alter or amend the judgment:

> "A Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered judgment." *County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 819 (7th Cir.2006) (internal quotation marks and citation omitted) (upholding dismissal for failure to state a claim where a Rule 59(e) motion in which the plaintiff attempted to raise an argument not made in response to a motion to dismiss had been filed). Because plaintiff did not argue he had stated a claim for conversion in his opposition to the motion to dismiss, an argument he could and should have raised at that time, the court will not grant Rule 59(e) relief to amend the judgment to allow a conversion claim to proceed. The interest of finality counsels this result. Any relief for plaintiff from the judgment must be found on appeal.

*Collins-Hardin v. WM Specialty Mortg. LLC*, No. 12 C 50099, 2015 WL 5664900, at *1 (N.D. Ill. Sept. 24, 2015).

---

[13] The Court does not attribute any bad faith to Plaintiffs here. Frankly, it does not know why Plaintiffs did not make this argument from the outset if they believe it has merit. But the Court does know that when Plaintiffs did *not* make the argument when it was time to make it, it did not feel compelled to make it for them—especially since, for all the Court knew, Plaintiffs did not make it because they (a) felt *constrained to agree* with Leech Tishman that (1) the Complaint implied an accrual date of no later than May 23, 2017 and (2) the limitations period had expired except to the extent that the tolling agreement prevented expiration as to Leech Tishman in particular; and/or (b) felt that even if they were to prevail on this argument at the motion-to-dismiss stage, they would lose it at the summary judgment stage anyway.

What was said about that plaintiff's belated attempt to argue a conversion claim applies equally to Plaintiffs' attempt here to now claim that the limitations period did not expire on their legal malpractice claim. And it could be said not only that Plaintiffs' belated argument here is not only *inappropriate* on the instant Motion, but also *waived. See Slovinec v. Illinois Dep't of Hum. Servs*, No. 02 C 4124, 2005 WL 442555, at *8 (N.D. Ill. Feb. 22, 2005) ("The Court considers [the plaintiff] to have waived any arguments not made in response to the motion to dismiss the amended complaint.") *(citing United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). Either way, the argument is not grounds for granting Plaintiffs' motion for reconsideration. *See Stoltzfus v. Clover,* No. 2:17-cv-JMS-MJD, 2018 WL 2722878, at *2 (S.D. Ind. June 6, 2018) (*"Plaintiffs did not make this argument in their response to [one defendant's] Motion to Dismiss, and may not now raise a new argument in their Motion to Reconsider."); *Alpacific S.A. v. Diageo Latin Am. & Caribbean, Inc.*, No. 10-CV-23822-CIV, 2012 WL 12844740, at *2 (S.D. Fla. June 5, 2012) ("[Plaintiff] could have raised these additional arguments . . . in its Response to Defendants' Motion to Dismiss. Alpacific provides no explanation as to why it did not make these arguments in its Response to Defendants' Motion to Dismiss. Accordingly, the Court finds that these arguments do not provide a basis for reconsideration of its [prior] Order.").

In addition, Plaintiffs have not pointed to any authority indicating that the statute-of-limitations issue as to Mankey is different from the same issue as to Leech Tishman. If the legal malpractice claim is barred as to Leech Tishman, it is also barred as to Mankey. Plaintiffs *now* make arguments that they chose not to make in response to the motions to dismiss, including the fact that the Complaint does not affirmatively preclude the possibility of fraudulent concealment of the malpractice claim that would have delayed the beginning of the running of the limitations period sufficiently to render the filing of the malpractice claim within the limitations period. These

arguments are too late, because they could have previously been raised. As Plaintiffs themselves acknowledge, a motion to reconsider is not the time to get a "second bite at the apple." Their failure to raise these arguments at the proper time cannot be "corrected" on a motion to reconsider.[14]

## CONCLUSION

To put it mildly, Plaintiffs are not big fans of the Court's decisions to grant Leech Tishman's Rule 12(b)(6) motion based on the statute-of-limitations defense or to likewise dismiss Mankey based on the expiration of the statute of limitations. That is their prerogative. But Plaintiffs have provided no valid basis for the Court to reconsider its decisions. Instead, they will need to take their arguments to the Sixth Circuit.

For these reasons, Plaintiffs' Motion to Reconsider (Doc. No. 58) will be denied. To the extent that Plaintiffs sought clarification via this motion, the Court sees no need to provide clarification beyond whatever clarification has been provided herein.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[14] The Court also notes that it found no attorney-client relationship between Mankey and Plaintiffs (Doc. No. 39 at 27), so there could be no legal malpractice claim against Mankey in any event.