IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JRS PARTNERS, GP; | ) | |
| JRT REVOCABLE TRUST; | ) | |
| SFT REVOCABLE TRUST; | ) | |
| PBO 2012 IRREVOCABLE TRUST; | ) | NO. 3:19-cv-00469 |
| WILLIAM PATRICK ORTALE III, | ) | |
| | ) | JUDGE RICHARDSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEECH TISHMAN FUSCALDO & | ) | |
| LAMPL, LLC; | ) | |
| BRETT MANKEY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are two motions for summary judgment. The first was filed by Defendant Leech Tishman Fuscaldo & Lampl, LLC (Doc. No. 160, "Leech Motion"). Supporting the Leech Motion is a memorandum (Doc. No. 161), a statement of facts (Doc. No. 162, "Leech SOF"), which comprises 107 purportedly material and undisputed facts, and a notice of filing (Doc. No. 163) with various exhibits (Doc. Nos. 163-1 – 163-7) supporting the Leech SOF. The second was filed by Defendant Brett Mankey (Doc. No. 164, "Mankey Motion"). Supporting the Mankey Motion is a memorandum (Doc. No. 165), a statement of facts (Doc. No. 166, "Mankey SOF"), which comprises 89 purportedly material and undisputed facts, and a notice of filing (Doc. No. 172) with various exhibits (Doc. Nos. 172-1 – 172-13) supporting the Mankey SOF.[1]

---

[1] The Court notes that the exhibits filed by Defendant Mankey at Docket Nos. 172-1 – 172-13 are "[c]orrected exhibits" that supersede the exhibits originally filed in support of the Mankey Motion at Docket Nos. 167-1 – 167-12.

Plaintiffs have filed what they style as an "omnibus" response (Doc. No. 175) in opposition to both the Mankey Motion and the Leech Motion, a statement of additional material facts (Doc. No. 178, "Plaintiffs' SOF") together with various exhibits (Doc. Nos. 179-1 – 179-27) supporting Plaintiffs' SOF, a response to the Leech SOF (Doc. No. 176), and a response to the Mankey SOF (Doc. No. 177).

Defendant Mankey has filed a reply (Doc. No. 187) in further support of the Mankey Motion. Likewise, Defendant Leech filed a reply (Doc. No. 189) in further support of the Leech Motion, along with a notice (Doc. No. 191) of the filing of a deposition transcript (Doc. No. 191-1) "in support of" Defendant Leech's reply, (*id.* at 1). Defendants have filed a joint response (Doc. No. 190)—supported by various exhibits (Doc. Nos. 190-1 – 190-9)—to Plaintiffs' SOF.[2]

For the reasons described herein, both the Leech Motion and the Mankey Motion are DENIED.

## BACKGROUND

The Court has set forth factual and procedural background of this case in three separate memorandum opinions (Doc. Nos. 39, 110, 135) and need not repeat itself here. However, the Court will provide the relevant (and not previously stated) procedural background for the purpose of understanding the present motions.

On May 22, 2023, a final judgment was entered in the above-captioned matter dismissing the case in full (i.e., dismissing all claims). (Doc. No. 137). On June 9, 2023, Plaintiffs appealed that final judgment, along with "other orders and rulings underlying that judgment that were

---

[2] The parties filed subsequent motions relating to the Leech Motion and the Mankey Motion. (*See, e.g.,* Doc. No. 180, Plaintiffs requesting that certain of Defendants' statements of undisputed facts be struck; Doc. No. 193, Plaintiffs seeking leave to file an "omnibus" sur-reply opposing the Leech Motion and the Mankey Motion; Doc. Nos. 194-195, each Defendant seeking leave to respond to Plaintiffs' requested "omnibus sur-reply.")
  The Court will address these motions in a separate Order and need say nothing further herein about them.

adverse to the Plaintiffs . . ." (Doc. No. 138 at 1). On June 7, 2024, in case number 23-5538, the United States Court of Appeals for the Sixth Circuit affirmed in part and reversed in part that final judgment and remanded to the Court for further proceedings as to the claims as to which the Sixth Circuit had reversed the Court's decision to dismiss—namely, (i) the fraudulent-misrepresentation claims against both Defendant Mankey and Defendant Leech, and (ii) the negligence and negligent-misrepresentation claims against Defendant Leech. (Doc. No. 140 at 28). On July 1, 2024, the mandate for the case was issued, (Doc. No. 141), thus returning jurisdiction to this Court. Now, via the Leech Motion and the Mankey Motion, each Defendant respectively contends that it is entitled to summary judgment on Plaintiffs' (above-specified) remaining claims. (Doc. No. 160; Doc. No. 164).

<u>LEGAL STANDARD</u>

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).[3] In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp.*

---

[3] The Court provides below an analysis of just what constitutes a "material" fact.

*v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[4] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

<u>ANALYSIS</u>

Ordinarily, when considering a motion for summary judgment, such as the instant Mankey Motion and Leech Motion, the Court would begin its analysis by reviewing those material facts

---

[4] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact.

not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. As noted above, the Mankey SOF contains *89* purportedly material facts. The Leech SOF is even more ambitious, containing *107* purportedly material facts. Based on the length of the Mankey SOF and the Leech SOF, the Court will deny the Mankey Motion and the Leech Motion. The Court is justified in doing so on several grounds, as discussed below.

### I.      The Local Rules, Conciseness, and Material Facts

The May 15, 2025 version of the Local Rules (hereinafter "2025 Local Rules," "2025 Local Rule" or "2025 LR")—the iteration of the Local Rules in effect both now and at the time that the Mankey Motion and the Leech Motion were filed—provides various rules regarding what a summary judgment movant should do in bringing their motion. As relevant here, 2025 Local Rule 56.01(c)(1) provides that a summary judgment movant "must file a *concise*, non-argumentative statement of the alleged undisputed material facts (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment." LR 56.01(c)(1) (emphasis added).

The predecessor to 2025 Local Rule 56.01(c)(1) is 2020 Local Rule 56.01(b), and the revisions of 2020 Local Rule 56.01(b) that resulted in 2025 Local Rule 56.01(c)(1) did not dilute or otherwise relax the requirements for a summary judgment movant's statement of facts previously articulated in 2020 Local Rule 56.01(b).[5] This Court previously analyzed 2020 Local

---

[5] The Court will refer herein to the statement of facts contemplated now by 2025 Local Rule 56.01(c), or previously by 2020 Local Rule 56.01(b), as a "Rule 56.01 statement."

Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed April 9, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed April 9, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed April 9, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a "concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which

there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a somewhat and seemingly very broad standard, inasmuch as the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law inasmuch as the notion of "might affect the outcome of a lawsuit" is of unclear and debatable boundaries.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors note:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. On the other hand, a factual issue that is not necessary to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016). Although these observations are perhaps of some help in grasping the notion of "material fact," the reality is that the precise boundaries of what constitutes a "material fact" remain obscure. And a summary judgment movant cannot be faulted for making a colorable (even if debatable) assertion that all statements included in its Rule 56.01 statement are statements of material fact.

And if a fact *is* material—if its existence or non-existence will affect the outcome of the lawsuit—then the party including it in its Rule 56.01 statement cannot be blamed for including it, because it *should* be included precisely because its existence or non-existence will affect the outcome of the lawsuit. So the inclusion of a (purported) material fact is, by definition, always appropriate—because the existence or non-existence of them is precisely what the Court needs to determine in order to determine the outcome of a case (or a summary judgment motion). What's more, *true* material facts are precisely the things specifically contemplated for inclusion in a Rule 56.01 statement, and the Court sees no basis for excluding any one of them on the grounds that there are too many of them.

But a statement of fact included in a Rule 56.01 statement should be excluded if it is (i) not a statement of *fact* at all[6] or (ii) a statement of fact but not properly considered a statement of *material* fact. Nevertheless, in the Court's experience, summary judgment movants often include these two categories of statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden variety "relevant" fact and a fact that is material.

---

[6] The Court will discuss this point—specifically, how the 2025 amendments to the Local Rules place greater emphasis on and further clarify what is and is not a statement of *fact*—at greater length subsequently herein.

But there is a corollary (or a logical conclusion) to the third observation that shows how a summary judgment movant really can hurt its chances on summary judgment by including purported material facts beyond those that actually are the (purported) material facts. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a movant for summary judgment (be it a defendant or, more rarely, a plaintiff) must remove every genuine issue of material fact to be granted summary judgment. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant at summary judgment must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial—i.e., as to each and every material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* rather than *more* material facts, the movant persuades the court that the movant has less it needs to achieve—fewer alleged facts to show as not needing a trial to prove or disprove—in order to be granted summary judgment. Conversely, to the extent that a movant posits *more* material facts, the possibility increases that the court will deny the motion for summary judgment based on the existence of a genuine issue as to any single one of what the movant itself has called the material facts. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid inviting the court to place upon the movant the burden of showing the truth of more facts than are necessary (i.e., the burden of showing the truth of certain immaterial facts as well as all material facts).

So in the Court's eyes, summary judgment movants have every incentive to minimize, to the fullest possible (ethical) extent, the number of material facts. But unfortunately, often they seem not to realize this. Indeed, the considerations articulated in the *McLemore* analysis (repeated in large part verbatim just above) were reflected in the 2025 amendments to Local Rule 56.01 and ought to counsel summary judgment movants to carefully consider concision and materiality *before* submitting a statement of alleged undisputed material facts to the Court. *Compare* 2020 Local Rule 56.01(b) ("Each fact must be set forth in a separate, numbered paragraph") *with* 2025 Local Rule 56.01(c)(1) ("Each individual *material* fact must be numbered separately") (emphasis added); *compare* 2020 Local Rule 56.01(c) ("Any party opposing the motion for summary judgment must respond to each fact set forth by the movant") *with* 2025 Local Rule 56.01(e) ("The respondent must also respond to the movant's statement of undisputed *material* facts in a separately filed response.") (emphasis added). But as the Court signaled during its discussion above of materiality (and as plainly follows from *McLemore*), there is another deficiency in both the Mankey SOF and the Leech SOF—a deficiency that (even if only *arguably* present when a statement of facts is analyzed under the 2020 Local Rules) is now unmistakable present when a statement of facts is analyzed under the 2025 Local Rules. According to the Merriam-Webster dictionary, "fact" can mean "something that actually exists or occurs [i.e.] an actual event, situation, etc." *Fact*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/fact (last accessed May 14, 2026). But the Merriam-Webster online dictionary goes on to state that "fact" can mean "information or a piece of information *presented* as true or accurate." *Id*. (emphasis added). Indeed, this distinction is reflected in the most recent edition of Black's Law Dictionary—which defines "fact" as "[s]omething that actually exists; an aspect of reality," but alternatively as "[a]n actual *or alleged* event or circumstance, as distinguished from its legal effect,

consequence, or interpretation." *Fact*, Black's Law Dictionary (12th ed. 2024) (emphasis added). In other words, "fact" can refer both to an actuality or the assertion of an actuality.[7] What "fact" neither refers to nor otherwise encompasses is the "legal effect, consequence, or interpretation" of an alleged fact. *Id.*

In the Court's view, the 2025 Local Rules cleanly delineate this tripartite distinction between (a) the fact that is alleged to be true, (b) the reason(s) why the Court should conclude that the alleged fact is true, and (c) the legal significance of the alleged fact being true, i.e., the conclusion(s) that follow from the alleged fact being true. And importantly for the present discussion of the Mankey Motion and the Leech Motion, the 2025 Local Rules are perfectly clear as to where respectively a summary judgment movant is to assert each of these three things. As for the first, each fact alleged to be true should be stated, separately and in an individually numbered paragraph,[8] in a summary judgment movant's Rule 56.01 statement. 2025 LR 56.01(c)(1) ("The movant must file a concise, *non-argumentative statement of the alleged undisputed material facts* (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment . . .") (emphasis added). As for the second, the reason(s) why the Court should conclude that a particular alleged fact is true should be indicated via supporting citations that go together with the individually numbered paragraph in which the fact is asserted. *Id.* ("Each

---

[7] For this reason, the verbal formulation of the movant's burden—to show the absence of a genuine issue of material fact—is broad enough to encompass the absence of a genuine issue of *alleged* (or asserted) fact. This is not a mere academic or semantic point; rather, it highlights that the movant needs to show an absence of a genuine dispute as to: (i) facts that the movant needs to establish as true in order to prevail as a matter of law; and (ii) alleged facts that the movant needs to be *untrue* in order to prevail as a matter of law. In other words, it highlights that the movant needs to show that there is no genuine dispute that: (i) the alleged facts that the movant needs to establish as true in order to prevail as a matter of law are *actually* true; and (ii) the alleged facts that the movant needs to establish as absent in order to prevail as a matter of law are *actually* absent.

[8] "Each individual material fact must be numbered separately . . ." LR 56.01(c)(2).

individual material fact must be numbered separately *and must be supported by a citation to materials* permitted by Fed R. Civ. P. 56(c)(1)") (emphasis added). And as for the third, the conclusion(s) that follow from the alleged fact being true should be asserted in the memorandum in support of the motion for summary judgment. 2025 Local Rule 56.01(c)(3) ("The purpose of the statement of undisputed material facts is to identify for the Court those facts that the movant contends require judgment as a matter of law. *Legal arguments*, *including as to materiality, must be made in the supporting memorandum, not in the statement of undisputed material facts.*").[9]

The Court discerns that there are three critical defects with respect to the Mankey SOF and the Leech SOF, so as to justify the denial of the Mankey Motion and the Leech Motion.

First, the Court discerns that the Mankey SOF and the Leech SOF are not nearly *concise* as required by 2025 Local Rule 56.01(c)(1). Even a brief review of the Mankey SOF and/or the Leech SOF reveals numerous purportedly material facts that, in the view of the Court, are in actuality entirely immaterial because (a) the existence or non-existence of those facts would have no effect whatsoever on the outcome of the lawsuit and (b) determining whether those facts exist certainly is not necessary to the Court's decision on the instant Mankey Motion or Leech Motion. For example, the fact numbered "28" by Defendant Mankey and beginning "[d]uring the September of 2014 call, Mankey *allegedly stated* . . ." would assert the materiality not of *actual*

---

[9] This conclusion is further buttressed by the analogous revisions to the Local Rules setting out a summary judgment respondent's burden in opposing a motion for summary judgment. Under the 2025 Local Rules, a summary judgment respondent must respond to a motion for summary judgment with a memorandum of law. 2025 LR 56.01(d). Of course, this requirement of a responsive memorandum was true under the 2020 Local Rules. But what was implicit under the 2020 Local Rules is now explicit under the 2025 Local Rules. A summary judgment respondent must respond to a summary judgment movant's statement of undisputed material facts with "concise, *non-argumentative* responses," in three defined ways—agreeing a fact is undisputed, agreeing a fact is undisputed solely for purposes of summary judgment, or disputing a fact as permitted by Fed. R. Civ. P. 56(c). 2025 LR 56.01(e)(1) (emphasis added). But *any "[l]egal argument*, including as to the materiality of any fact, must be made in the [summary judgment respondent's] memorandum, *not* in the response to the statement of undisputed material facts. 2025 LR 56.01(e)(5) (emphasis added).

statements by Defendant Mankey, but of *alleged* statements by Defendant Mankey. The fact numbered "78" in the Mankey SOF merely conveys Defendant Mankey's recollection that, at the time of first introduction, Chris Warren served on the Board of Trustees for the School of Environmental Sciences at Duke University. (Doc. No. 166 at ¶ 78). And the fact numbered "21" in the Leech SOF merely states Defendant Leech's corporate-entity status. (Doc. No. 162 at ¶ 21). Furthermore, various purportedly material facts appear to be mere verbatim recitations of *Plaintiffs'* allegations[10] or of substantial portions of various documents[11] pertinent to this case.

At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout both the Mankey SOF and the Leech SOF) are even arguably material to the remaining claims of fraudulent misrepresentation (as to both Defendants), negligence (as to Defendant Leech), and negligent misrepresentation (as to Defendant Leech) pending in the case at bar. And consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, this leads the Court to conclude that the Mankey SOF and the Leech SOF—because each statement of facts includes facts that are plainly not *material*—are not in fact *concise* as required by 2025 Local Rule 56.01(c) and are thus in violation of 2025 Local Rule 56.01(c). These violations of 2025 Local Rule 56.01(c) alone provide the Court with a basis to deny the Mankey Motion and the Leech Motion. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin.*

---

[10] Document No. 162 at ¶¶ 1, 23-25, 37; Document No. 166 at ¶ 29.

[11] Document No. 162 at ¶¶ 46, 49, 92.

*California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

Yet, even if the Court were to conclude that the Mankey SOF and the Leech SOF were concise as required by 2025 Local Rule 56.01(c)—i.e., if the Court accepted that each of the facts included in the Mankey SOF or in the Leech SOF were in fact material—this would save neither the Mankey Motion nor the Leech Motion. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), make clear that a movant for summary judgment (in this case, Defendants) must remove every genuine issue of material fact. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial. Here, Defendant Mankey contends that there are *89* material facts as to the Mankey Motion. Defendant Leech contends that there are *107* material facts as to the Leech Motion. So, under each Defendants' own theory, each Defendant must show *that there is no genuine dispute as to any* of these 89 (for Defendant Mankey) or 107 (for Defendant Leech) purportedly material facts in order to be entitled to summary judgment. If even *one* of these 89, if Defendant Mankey, or 107, if Defendant Leech, (purportedly) material facts is in genuine dispute, then it would follow (under Defendant's own theory) that the applicable Defendant is *not* entitled to summary judgment (at least, not entitled to summary judgment as to all claims). By the Court's count, Plaintiffs dispute, in whole or in part, over twenty-five of the facts in the Mankey SOF, (Doc. No. 177 at ¶¶ 21-22, 25-28, 30, 37-38, 41-44, 46-50, 57-58, 64-69), as well as a number of the facts in the Leech SOF, (Doc. No. 176 at ¶¶ 7, 28, 35, 36, 42, 47, 52, 60, 70).  Given not just the plethora of (purportedly) material facts that each Defendant has submitted along with its motion for summary judgment, but

also the sheer number of these facts that Plaintiffs contend are in fact *in genuine dispute*, the Court discerns that it is mathematically unlikely that each Defendant will be able to show that all of its (purportedly) material facts are *not* in genuine dispute as required for it to obtain summary judgment in full. This provides a further justification for denying the Mankey Motion and the Leech Motion.

Finally, the Mankey SOF and the Leech SOF disregard the tripartite distinction outlined in the 2025 Local Rules by, among other things, failing to appropriately present individual material facts and by including legal conclusions, arguments, and characterizations prohibited by 2025 Local Rule 56.01.[12] For example, the "fact" numbered 33 by Defendant Leech is reproduced verbatim below:

> 33. Ortale testified as follows:
> Q. What was CEA 1 through 3?
> A. A smaller -- smaller CEA solar investments.
> Q. All right.· And when you say "smaller," do you know what that 170 million references?
> A. No, I don't. I don't recall.
> Q. Okay. And did you ask Warren what was involved in this CEA 1 through 3? Or what were -- what were people investing in?
> MR. THOMAS: Object to form.
> THE WITNESS: I don't know.
> BY MR. MICHELS:
> Q. Did you ask to talk to any investors from CEA 1 to 3?
> A. No.
> Q. Did you ask to see any financials from CEA 1 to 3?
> A. No.
> Q. Did you ask to -- who was counsel for CEA 1 to 3?
> A. No.
> (Ortale Dep. 192:24–193:18).

---

[12] Notably, legal conclusions, arguments, and characterizations are prohibited by 2025 Local Rule 56.01 in two ways. Forst, they are *expressly* prohibited by Local Rule 56.01(c)(1). Second, they are prohibited by implication anyway, because 2025 Rule 56.01(c) calls for a statement of (undisputed material) *facts*, and legal conclusions, arguments, and characterizations are not facts.

(Doc. No. 162 at ¶ 33). This fact (and many other purportedly material fact stated by Defendant Leech[13] and by Defendant Mankey)[14] leaves the Court with an interpretive dilemma. It is unclear whether "fact" 33 is intended to assert (i) that it is a material fact that Plaintiff Ortale, at his deposition, testified exactly as stated (with citation to the deposition transcript) in "fact" 33, or, instead, (ii) that each and every individual fact asserted by Plaintiff Ortale's in the cited testimony[15] is true and material.

If the latter is intended, that would run afoul of the Local Rules' statement that "[e]ach *individual* material fact must be numbered *separately* . . ." LR 56.01(c)(2) (emphasis added). Furthermore, should the Court adopt the second interpretation of "fact" 33 (and similar such "facts" stated by Defendant Leech and Defendant Mankey)*,* then each Defendant's noncompliance with Local Rule 56.01 skyrockets exponentially. For example, "fact" 33 alone would represent, in the Court's view, up to *five* separate facts,[16] each of which should have been presented

---

[13] *See* Document No. 162 at ¶¶ 2-6, 29, 62, 67.

[14] *See* Document No. 166 at ¶¶ 1, 3, 5, 7, 13, 14, 17, 42, 58, 69, 72.

[15] For example, the Court discerns the following factual assertions are derivable from Plaintiff Ortale's excerpted testimony: (i) that "CEA 1 through 3" were "smaller CEA solar investments," (ii) that Plaintiff Ortale neither knew "what was involved" nor what "people [were] investing in" with respect to "CEA 1 through 3," (iii) that Plaintiff Ortale did not "ask to talk to any investors from CEA 1 through 3," (iv) that Plaintiff Ortale did not "ask to see any financials from CEA 1 through 3," and (v) that Plaintiff Ortale did not "ask . . . who was counsel for CEA 1 through 3." (*See* Doc. No. 162 at ¶ 33).

[16] In the Court's view, certain deposition excerpts have only one factual assertion embedded therein and therefore do not run afoul of the Local Rules' requirement that "[e]ach individual material fact must be numbered separately . . ." LR 56.01(c)(2).
   For example, Document No. 162 at ¶ 43 would, at most, assert as a material fact that Plaintiff Ortale was told, by Defendant Mankey, that Defendant Mankey did not prepare the Solar IV private offering memorandum. (*See* Doc. No. 162 at ¶ 43).
   However, the Court still does not find these purportedly material facts appropriately stated under Local Rule 56.01. It is a summary judgment movant's responsibility to perform the work of, among other things, *first* deriving its purportedly material fact from, and *then* citing to the relevant portion of, "materials permitted by Fed. R. Civ. P. 56(c)(1)." to support the existence of that fact. LR 56.01(c)(2). The Court will decline to catalogue each such instance of Defendants flouting this procedure by purporting to state a material fact via merely reciting verbatim portions of the "materials permitted by Fed. R. Civ. P. 56(c)(1)"

"individual[ly]" and "numbered separately." LR 56.01(c)(2). In resolving the uncertainty as to what Defendant Leech and by Defendant Mankey intended in such contexts, the Court prefers to eschew ascribing to them an intent that would entail noncompliance with applicable rules of procedure (here, LR 56.01(c)(2)). Accordingly, the Court would begin by construing "fact" 33 under the first interpretation set out above—that the asserted fact is that Plaintiff Ortale testified as reproduced in "fact" 33. However, this interpretation carries its own problems: thus interpreted, "fact" 33 flouts the instruction that only *material* facts be included in a Rule 56.01 statement. The mere actuality that "fact" 33 is a correct and accurate reproduction of particular deposition testimony of Plaintiff Ortale may be relevant in the garden-variety sense discussed by the Court above, but—for the reasons discussed by the Court in its analysis of *McLemore* above—it is certainly not *material,* because material facts are facts that relate *to the events underlying the lawsuit*, not facts regarding what someone *said* (in a deposition or otherwise) regarding the events underlying the lawsuit. So, on either interpretation articulated above,[17] the Court finds the Mankey SOF and the Leech SOF deficient and noncompliant with Local Rule 56.01.

Turning next to the legal conclusions, arguments, and characterizations prohibited by 2025 Local Rule 56.01, the fact numbered "89" by Defendant Mankey constitutes a mere regurgitation of his testimony that characterized Chris Warren as "squirrely," an "unresponsive client," and "difficult to track down," (Doc. No. 166 at ¶ 89),[18] and the fact numbered "82" by Defendant

---

in each Defendants' respective Rule 56.01 statement, and instead note that such instances generally fail to comply with the tripartite distinction set out in Local Rule 56.01.

[17] Although finding each interpretation leaves the purported material facts unsuitable for a Rule 56.01 statement, the Court will not adopt or otherwise endorse either such interpretation. That is, the Court will neither find that Defendants intended one or the other nor further speculate on this point.

[18] To the extent the fact numbered "89" by Defendant Mankey is, as the "fact" 33 of Defendant Leech might be, intended to assert merely that someone (here, Mankey) testified as reproduced in the "fact", the Court has explained above why such a "fact" would not be material as required for a Rule 56.01 statement.

Mankey, in part, constitutes an argument as to (or subjective characterization of) what Defendant Mankey knew or should have known at that time, (*id.* at ¶ 82). As for the Leech SOF, the fact numbered "101" asserts that the "disclaimer language" in two private offering memoranda is "substantially the same." (Doc. No. 162 at ¶ 101). But this assertion is not an assertion of fact; instead, it is a subjective verbal characterization[19] of how similar particular language in one private offering memorandum is to particular language in the other private offering memorandum.

Each Defendant's decision to include such non-factual, argumentative items in its statement of *facts* contravenes both the plain text of 2025 Local Rule 56.01(c) as well as the *express purpose* of a statement of facts. 2025 Local Rule 56.01(c)(3) states that the purpose of a statement of facts is to "identify for the Court those facts the movant contends require judgment as a matter of law." Such facts are to be presented "individual[ly] . . . [and] must be numbered separately . . ." LR 56.01(c)(2). A statement of facts is *not* the place for *any* legal arguments; legal arguments are explicitly reserved for the "supporting memorandum" that must accompany a motion for summary judgment. 2025 LR 56.01(c)(3). The Court makes these observations to note yet other prevalent flaws in the Mankey SOF and of the Leech SOF that fail the requirements of 2025 Local Rule 56.01 and overcome the Court's strong inclination to consider the merits of any pending summary judgment motion.

---

[19] As the undersigned has long taken pains to emphasize, whether two things are the "same" is in many cases (and, he believes, in this case) not a factual statement but rather a subjective verbal characterization. *Harris v. Tennessee*, No. 3:19-CV-00174, 2022 WL 22951332, at *2 (M.D. Tenn. Oct. 27, 2022) ("As the undersigned noted decades ago, there is a continuum between things . . . being 'the same' . . . and those things being merely 'similar' or even 'different.' And for many comparisons between two things, the specific location on the continuum is a subjective determination that is in the eye of the beholder." (quoting Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41, 70 (1995)). True, Defendant Leech used the term "substantially the same" rather than just "the same." No matter. As the undersigned has previously indicated, phrases like "'the same,' 'precisely the same,' or 'in substance the same'"—and, it follows, "substantially the same"—can be and are used interchangeably in litigation to refer to the concept of what could be called (for lack of a better word) "sameness." *See Comfort Innovations, LLC v. Haarlander*, No. 19-04033, 2022 WL 16541176, at *8 (M.D. Tenn. Oct. 27, 2022) (quoting Eli J. Richardson, *supra* at 69).

To the extent that the reader (or Defendants) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Mankey Motion and the Leech Motion: the parties in this action were *time and time* again ordered to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, in the amended case management order (Doc. No. 144), the Magistrate Judge ordered:

> All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

(*Id.* at 5). Moreover, the Court provided in no fewer than three orders setting this case for trial:

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

(Doc. Nos. 145 at 3, 154 at 3, 156 at 4). So Defendants have four times been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet Defendants nevertheless have failed to follow this Court's guidance in *McLemore*—namely by filing a statement of facts that is not concise as required by 2025 Local Rule 56.01(c) and otherwise including such a plethora of (purportedly) material facts in the

Mankey SOF as well as the Leech SOF as to make clear to the Court that Defendants are unlikely (mathematically) to succeed in showing that each of these facts is in fact not in genuine dispute, due to both the sheer number of facts that each Defendant has included in such Defendant's respective statement of fact and the sheer number of these facts that Plaintiffs contend are genuinely in dispute.[20] The failure of Defendants to adhere to *McLemore*, despite this Court's orders, along with the failure of Defendants to heed the demarcation in Local Rule 2025 Local Rule 56.01(c) between factual assertions and legal conclusions, arguments and/or characterizations, provides further support for this Court's decision to deny the Mankey Motion and the Leech Motion.

## II.     The Court's Discretion to Deny the Motions

Beyond the reasons elucidated above for denying the Mankey Motion and the Leech Motion, even assuming that (1) Defendants had filed statements of fact that was concise so as to be in compliance with 2025 Local Rule 56.01(c), (2) Defendants had demonstrated that all of the (purportedly) material facts in their respective statement of fact were not in genuine dispute, (3) Defendants' statements of fact were non-argumentative, with each purportedly material fact individually numbered and separately stated, and did not include legal conclusions, arguments, or characterizations as to be in compliance with 2025 Local Rule 56.01(c), and (4) Defendants had otherwise met their burden as summary judgment movants, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Mankey Motion and the Leech Motion and manage the case by deciding to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary

---

[20] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendant Mankey could go 89 for 89 and/or Defendant Leech could go 107 for 107—or that Plaintiffs could go 0 for 89 and/or 0 for 107—on Defendants' respective factual assertions. But as a matter of mathematical probability, it seems implausible.

to dispose of the Mankey Motion and the Leech Motion. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1– 2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.*, 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit once explained:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the instant Mankey Motion and the Leech Motion, given some of the motion-specific observations made above, the Court discerns that resolving the instant Mankey Motion and the Leech Motion (with the attention they deserve) on the merits might well require more judicial resources than for this case to go to trial.[21] And, of course, if the Mankey Motion and the

---

[21] The Court says this given the modest number and the interrelated nature of Plaintiffs' four remaining claims. This does not appear to be a case that would require much judicial elbow grease in performing the

Leech Motion were to be decided and *denied* (in whole or even in part), then the resources spent on each, or either, motion's resolution could be entirely in addition, rather than alternative, to the resources spent on a trial.[22]

Moreover, as shown by the cases just reviewed above, the Court is well within its discretion to deny the Mankey Motion and the Leech Motion on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

The Court notes that the parties' effort expended in briefing the Mankey Motion and the Leech Motion ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties (and Defendants in particular).[23]

---

judge's out-of-court trial work, such as crafting jury instructions. Further, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to a summary judgment motion that shakes out like this one does.

[22] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* the motion for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

[23] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve

### III. Plaintiffs' Improper Statement of Undisputed Material Facts

While the Court is already attuned to the subject of waste, the Court will offer one final remonstration before concluding this Memorandum Opinion and Order. On January 14, 2026, Plaintiffs filed the above-referenced Plaintiffs' SOF. (Doc. No. 178). But the Local Rules plainly do not contemplate a nonmovant opposing a motion for summary judgment by filing (or seeking to file) a statement of additional material facts, as Plaintiffs (being the nonmovant with respect to the Mankey Motion and the Leech Motion) have done. It is true that the 2020 Local Rules permitted a nonmovant facing a motion for summary judgment to file a statement of additional material facts. 2020 LR 56.01(c)(3). However, on May 15, 2025, nearly nine months before Defendant Mankey filed the Mankey Motion and Defendant Leech filed the Leech Motion, the 2020 Local Rules were amended (for very good reason) to remove such permission. And as the Court has just noted above, the amended 2025 Local Rules—those both in effect currently and in effect at the time that each Defendant moved for summary judgment and at the time that Plaintiffs filed their Plaintiffs' SOF—omit any mention of a nonmovant to a summary judgment motion filing a statement of additional material facts, like Plaintiffs' SOF. That is to say, as an additional statement of material facts filed by a nonmovant facing a motion for summary judgment, Plaintiffs' SOF is plainly not contemplated by the Local Rules in their current iteration.

Even though Plaintiffs' SOF is not contemplated by the current version of the Local Rules, this Court has, at times, permitted parties engaged in briefing on a motion for summary judgment to file certain types of statements of facts that are not expressly contemplated by the Local Rules if such statements of facts are actually helpful to the Court in deciding the underlying motion for

---

judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.

summary judgment. *Cf. Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009) (declining to strike additional statements of facts filed in connection with summary judgment motions that were not expressly contemplated by the Local Rules where the at-issue "statements amplif[ied] the issues [in the case] and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts."). Thus, in some circumstances—for example if Plaintiffs' SOF would be helpful to the Court in ruling on the Mankey Motion and/or the Leech Motion—the Court might consider a motion by Plaintiffs for leave to file a statement of additional material facts—i.e., Plaintiffs' SOF comprising 143 purportedly material facts that Plaintiffs unilaterally filed and then relied on in their "omnibus" response (Doc. No. 175) in opposition to both the Mankey Motion and the Leech Motion—even though (as noted above) Plaintiffs' SOF is plainly not contemplated by the Local Rules.

Here, however, a cursory review of Plaintiffs' SOF reveals that it will not be helpful to the Court in deciding the Mankey Motion and/or the Leech Motion. First, although Plaintiffs' SOF purportedly contains only facts that are material, many of the (purported) material facts contained therein are not actually material; that is, the existence or non-existence of many of the (purported) material facts in Plaintiffs' SOF will not affect the outcome of the lawsuit. *See, e.g.*, *McLemore*, 619 F. Supp. 3d at 823 (M.D. Tenn. 2021) (noting that a fact is material "if its existence or non-existence will affect the outcome of the lawsuit"). Rather, many of these facts, although they perhaps would be minimally *relevant* under the Federal Rules of Evidence, do not appear to be in any way material. Notably, many of the (purported) material facts in Plaintiffs' SOF are mere background for this case, and not facts whose existence (or non-existence) may affect the outcome of the instant action. (*See, e.g.,* Doc. No. 178 at ¶¶ 1-8, 23, 30-31). Second, Plaintiffs' SOF contains *143* (purported) material facts. By filing such a lengthy statement, Plaintiffs are asking the Court

to parse through these 143 facts, determine the materiality of these facts—a task that, as suggested by the paragraph just above, will involve a substantial expenditure of scarce judicial resources—and determine whether there is any genuine dispute with respect to these (purported) material facts. This is a complete non-starter—and renders Plaintiffs' SOF entirely unhelpful to the Court in deciding the Mankey Motion and/or the Leech Motion. Fortunately, the Court need not opine further on Plaintiffs' SOF in order to resolve the Mankey Motion and the Leech Motion.

CONCLUSION

Accordingly, for the reasons discussed herein, the Mankey Motion (Doc. No. 164) and the Leech Motion (Doc. No. 160) are DENIED.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE